30,638-07

CAUSE NO. 14524

TO: COURT OF CRIMINAL
    APPEALS OF TEXAS
    P.O. BOX 12308
    CAPITOL STATION
    AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 15 2015
Abel Acosta, Clerk

FROM: TOMMY PERKINS
      652924
      WYNNE UNIT
      810 FM 2821
      HUNTSVILLE TEXAS
      77349

DATE: 04-10-2015

I HAVE JUST RECENTLY DISCOVERED EVIDENCE IN COURT PROCEEDINGS OF LAMAR COUNTY COURTHOUSE, SIXTH JUDICIAL 119 N. MAIN RM. 405 PARIS TEXAS 75460 OF CONSTITUTIONAL ERROR THAT HAS RESULTED IN THIS WRONGFUL CONVICTION. I HAVE USED MOST EVERY MEANS TO CONTEST THIS CONVICTION BY USE OF STATE HABEAS CORPUS § 11.07, TWICE, AND A FEDERAL HABEAS CORPUS § 2254 ON THE GROUNDS OF ACTUAL INNOCENCE. ACCORDING TO THE OFFICIAL DOCUMENT EXHIBIT B, BILLY FRANK VICKERS WAS EXECUTED JANUARY 28, 2004 FOR THE MURDER OF PHILLIP KINSLOW IN ARTHUR CITY, TEXAS VICKERS V. TEXAS, 118 S. CT. 298 (OCT. 14, 1997) (CERT. DENIED); VICKERS V. COCKRELL, 72 FED. APPX. 40 (5TH CIR. 2003) (HABEAS). VICKERS DOCUMENTED FINAL WORDS STATES: "AND I WOULD LIKE TO CLEAR SOME THINGS UP IF I COULD. TOMMY PERKINS, THE MAN THAT GOT A CAPITOL LIFE SENTENCE FOR MURDERING KINSLOW -- HE DID NOT DO IT. I DID IT. HE WOULD NOT EVEN HAVE HAD ANYTHING TO DO WITH IT IF HE HAD KNOWN

I WAS GOING TO SHOOT THE MAN. HE WOULD HAVE NOT GONE WITH ME IF HE HAD KNOWN".

ACCORDING TO EXHIBIT "F", THE DATE OF JUDGMENT AND SENTENCE WAS JULY 29, 1993 YET, ON THE 26TH DAY OF JULY, 1993 A MOTION TO WITHDRAW COUNT OF INDICTMENT EXHIBIT "A" WAS PRESENTED BY KERYE ASHMORE ASSISTANT COUNTY ATTORNEY 3RD FLOOR LAMAR COUNTY COURTHOUSE PARIS TEXAS 75460 903/737-2413 TBA # 21162500 INDICATING TO DISMISS COUNT 1 AND 2. THIS DOCUMENT WAS CERTIFIED, SIGNED AND SEALED ON JULY 2ND 2007 BY MARVIN ANN PATTERSON, DISTRICT CLERK EXHIBIT "A". ALSO, JUNE 13TH, 2006 THE STATE COUNSEL FOR OFFENDERS P.O. BOX 4005 HUNTSVILLE TEXAS 77342-4005 STATES: "THERE ARE NO ADDITIONAL COUNTS TO THIS CHARGE (I.E. COUNT 1, COUNT 2). APPARENTLY THE ADDITIONAL COUNTS WERE DROPPED. AS TO THE DEADLY WEAPON FINDING, THERE IS NO DEADLY WEAPON FINDING", AS STATED BY M. MERCHANT ON ABOVE DATE.

SUCH INDICATED ABOVE SUGGESTS THAT THE LAMAR COUNTY SHOULD HAVE BEEN AWARE OF THE DISMISSED CHARGES THREE DAYS PRIOR TO THE PROCEEDINGS ON JULY 29TH, 1993. MY PRIOR ATTORNEY DAN MEEHAN HAD FILED A MOTION FOR NEW TRIAL AND WAS HAND DELIVERED TO THE DISTRICT ATTORNEY FOR LAMAR COUNTY, TEXAS ON THE 24TH DAY AUGUST, 1993 AND AN ORDER SETTING HEARING WAS SET FOR 10:00 A.M. ON THE 29TH DAY OF OCTOBER 1993 AS NOTARIZED BY MICHELLE SPANN WHOSE COMMISSION EXPIRED 7-09-94. AND ON THAT 29TH DAY OCTOBER, I WAS INSTRUCTED BY A GUARD TO "GET DRESSED A GET READY FOR HEARING", BUT THIRTY (30) MINUTES LATER, I WAS TOLD TO DISREGARD. SUCH ATTEMPT WOULD SHOW THAT THE COURT HAD EVERY INTENTION ON PURSUING A NEW

TRIAL WHICH WOULD SUGGEST THE MOTION FOR NEW TRIAL HAD BEEN GRANTED. ART. 40.001 NEW TRIAL ON MATERIAL EVIDENCE 73RD. LEG., CH. 900, § 11.01. EFF. SEPT. 1, 1993 KEETER V. STATE, 74 S.W.3d 31, 38 (TEX. CRIM. APP. 2002). SUCH DISREGARDED MOTION FOR NEW TRIAL IS UNCONSTITUTIONAL!

RECENTLY, I'VE BEEN IN COMMICATION WITH SHAWNTEL GOLDEN, DISTRICT CLERK LAMAR COUNTY 119 N. MAIN ROOM 405 PARIS TEXAS 75460 (903) 737-2427 AND ON MARCH 04, 2015 SHE STATED: "YOUR INDICTMENT SPECIFICALLY SAYS COUNTS 1 AND 2 WERE CAPITOL MURDER". SHE HAD ALSO STATED: ". 'WHICH COUNTS YOU WERE CONVICTED OF, YOUR JUDGEMENT DOES NOT SPECIFY THAT INFORMATION". AND SHE SAID "YOU KNOW THAT COUNT 3 OF YOUR INDICTMENT WAS DISMISSED AND YOU WERE NOT CONVICTED OF THAT CHARGE". AND ON MARCH 23, 2015 SHE STATED: "YOU WERE CONVICTED OF 'CAPITOL MURDER' WITH NO DEADLY WEADON FINDING". THIS ONLY CONFUSES THE ISSUE. HOW CAN I BE CHARGED WITH CAPITOL MURDER WHEN COUNTS 1 AND 2 WERE DISMISSED ON JULY 26, 1993 AND COUNT 3 MURDER CHARGE WAS DISMISSED ALONG WITH THE DISMISSED DEADLY WEADON CHARGE?

THE DOCUMENTS I POSSESS SHOULD BE CONSIDERED AUTHENTIC PURSUANT TO TEXAS RULES EVIDENCE 901 (B) (C) AND CAN BE PRESENTED PROVIDED I BE AFFORDED THE OPPORTUNITY TO DO SO. THE COURT PROCEEDINGS ERROR HAS PREVENTED ME FROM PROPERLY PRESENTING THE CASE TO THE COURT OF APPEALS PURSUANT TO TEXAS RULES APPELLANT PROCEDURE REVERSIBLE ERROR 44.1 (A)(2); 44.2 (A) CONSTITUTIONAL ERROR SCOTT V. STATE, 227 S.W. 3d 670, 690-91 (TEX. CRIM. APP. 2007); CRAWFORD V. WASHINGTON, 541 U.S. 36, 68-69, 124 S. CT. 1354, 1373, 158 L. ED. 2d 177, 203 (2004).

I, TOMMY PERKINS HAVE RECENTLY SUBMITTED A MOTION LAMAR COUNTY DISTRICT COURT FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. §1915(e)(1) SINCE THE CONSTITUTIONAL ERRORS DISCRIBED ABOVE PRESENTS AN "EXCEPTIONAL CIRCUM-STANCES" I AM CURRENTLY AWAITING SOME SORT OF REPLY FROM THE LAMAR COUNTY DISTRICT COURT.

I PRAY THE COURT OF APPEALS FOR THE STATE OF TEXAS CON-SIDER THE ABOVE STATED AS I FEEL I HAVE EXHAUSTED EVERY AVAILABLE REMEDY TO DISCLOSE THIS EVIDENCE OF QUESTIONABLE JUDICIAL PROCEDURES THAT ULTIMATELY LEO TO THIS WRONGFUL CONVICTION AND I RESPECTFULLY REQUEST THAT THE COURT OF CRIMINAL APPEALS OF TEXAS RESPOND TO THE ENCLOSED NEW-LY DISCOVERED EVIDENCE IN A TIMELY FASHION.

SINCERELY AND RESPECTFULLY SUBMITTED

Tommy Perkins

04-10-2015